IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JIMMY SHANE CANTRELL                       PLAINTIFF

v.        Civil No. 07- 2038

MIKE BEEBE, Governor of the State of
Arkansas and Former Attorney General;
SGT. WESTBROOK, Property Officer
at the East Arkansas Regional Unit;
GREG HASMON, Warden, East Arkansas
Regional Unit; LARRY NORRIS,
Director, Arkansas Department of Correction;
ARKANSAS BOARD OF CORRECTION;
SGT. WOFFORD, Transportation Officer
with the Arkansas Department of Correction;
MR. CLEMMONS, Officer, East Arkansas
Regional Unit; MR. BUTLER, Officer, East
Arkansas Regional Unit; JOHN DOE, Unknown
Officer working at the backgate of the East Arkansas
Regional Unit; JAMES McCORMACK, Clerk, United
States District Court for the Eastern District of
Arkansas; JOHN DOE CLERKS, Deputy Clerks
for the Eastern District of Arkansas; and
DAVID WHITE, Warden, Maximum Security
Unit, Tucker, Arkansas                               DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Jimmy Shane Cantrell, is an inmate in the Maximum Security Unit of the Arkansas Department of Correction at Tucker, Arkansas. He submitted a complaint for filing in this district pursuant to 42 U.S.C. § 1983. The complaint was provisionally filed subject to a later determination of whether plaintiff should be granted in forma pauperis status and whether the complaint should be served.

-1-

Cantrell names as defendants the Governor of the State of Arkansas, the Arkansas Board of Correction, various officers employed at the East Arkansas Regional Unit of the Arkansas Department of Correction, the Warden of the Maximum Security Unit, and the Clerk of Court of the Eastern District of Arkansas as well as the deputy clerks employed there. Among other things, Cantrell contends his constitutional rights were violated when his legal materials were placed in storage at the East Arkansas Regional Unit (EARU) on December 19, 2006. Cantrell contends the Arkansas Department of Correction (ADC) defendants refused to release the legal materials to him when he was transferred from the EARU to the Maximum Security Unit (MSU). He also contends the ADC policy regarding inmate property control contains ambiguous and contradictory language.

Cantrell challenges the ADC limitations on the possession of personal property and legal materials by inmates. Additionally, he contends his personal property was not promptly returned to him at the end of his punitive term on January 11, 2007. In this regard, Cantrell contends there are no adequate procedural safeguards to prevent the arbitrary, capricious, and retaliatory deprivation of property.

With respect to the Clerk of Court of the Eastern District of Arkansas and the deputy clerks, Cantrell contends they altered docket entries in a pending case he has in that district 5:05.CV.157. Access to the docket sheet in this case indicates the case is a civil rights case *Cantrell v. Huckabee*, et al., filed by the plaintiff on May 23, 2005. The docket entries he refers to as being altered are docket entry #33 and # 66. Docket entry #33 is a document filed as a motion for appointment of counsel. Cantrell contends the document was altered because he entitled the document as a motion for "order to show cause, for a preliminary injunction, for

-2-

appointment of counsel, and for class action certification" but it was only filed as a motion for appointment of counsel. However, the docket sheet also reflects that a motion for order to show cause, motion for preliminary injunction, motion for class certification, and motion to appoint counsel was filed on April 19, 2006, as #36.

Document 66 is entitled motion for copies and notice of change of address. The docket sheet reflects it was filed as a notice of change of address.

This court does not have jurisdiction to review the decisions made by other federal district courts. Instead, if Cantrell believes the clerk of court has violated his constitutional rights by refusing to file documents as submitted by him, his remedy is to seek relief from the Eastern District of Arkansas or the Court of Appeals for the Eighth Circuit. 28 U.S.C. § 1651 (All Writs Act).

With respect to the remaining defendants, it is clear that venue is not proper in this district. In § 1983 cases, venue is determined by reference to the general venue statute, 28 U.S.C. § 1391. Under section 1391 (b) venue is proper in civil rights actions in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

The East Arkansas Regional Unit is in Brickeys, Arkansas. Brickeys is in Lee County. Lee County is within the Eastern District of Arkansas. The Maximum Security Unit is in Tucker, Arkansas. Tucker is located in Jefferson County. Jefferson County is within the Eastern District of Arkansas. The Office of the Governor is located in Little Rock, Arkansas. Little Rock is in

AO72A
(Rev. 8/82)

Pulaski County which is within the Eastern District of Arkansas. The Arkansas Board of Correction is made up of seven members and its office is located in Whitehall, Arkansas. Whitehall is located in Jefferson County which is within the Eastern District of Arkansas

Under 28 U.S.C. § 1406(a), this court may transfer this case to a district in which this case could have been brought. The case should have been brought in the Eastern District of Arkansas as that is the district where the defendants reside and in which the events occurred. Therefore, it appears the interests of justice would best be served by transferring this case to the Eastern District of Arkansas.

I therefore recommend the following: (1) all claims against James McCormack, the Clerk of Court of the Eastern District of Arkansas, and the John Doe deputy clerks of the Eastern District of Arkansas be dismissed; and (2) that this case be transferred to the Eastern District of Arkansas. 28 U.S.C. § 1406(a).

**Cantrell has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Cantrell is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this __24__ day of April 2007.

                      /s/ J. Marschewski
                      HON. JAMES R. MARSCHEWSKI
                      UNITED STATES MAGISTRATE JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 2 6 2007
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK